## KEOTA BANK v. WHITSON.

EVIDENCE: SUFFICIENCY OF TO SUPPORT VERDICT.

*Appeal from Keokuk District Court.*

THURSDAY, MARCH 21.

ACTION upon a dishonored bill of exchange for $1500, drawn by defendant, and discounted by plaintiff. There was a verdict and judgment for defendant; plaintiff appeals.

*Farley & Kelley* and *G. D. Wooden*, for appellant.

*Mackey, Harned & Fonda*, for appellee.

BECK, J.—The sole question in this case involves the sufficiency of the testimony to support the verdict. It demands but brief consideration.

The defense pleaded to the action is this: At the time the draft sued on was discounted, defendant had on deposit with plaintiff $600. They required $1800, and to raise the balance drew the draft in suit, or another

draft which had been taken up by the paper sued upon. After this draft was taken by plaintiff, defendants drew their check upon the bank which was written by one of its officers. The check was for $2400, and defendants signed it supposing it was for $1800. They received the sum last named, and no more. They then were charged upon the check with $600 more than they received. They allege that they were deceived through the fraud of plaintiff, whereby they are entitled to recover, as a counter claim. $600.

The point of fact in dispute, and the only one in the case, relates to the sum paid defendant on their check; they insist it was $1800, while plaintiff claims it was $2400.

One of the defendants testifies that there was paid upon the check $1800, and no more; the other defendent, to some extent, corroborates this testimony. Three of the officers of the bank positively and directly contradict defendants. They state without qualification that $2400 was paid on the check.

Here is a conflict of testimony with the strong preponderance in favor of plaintiff. Were we to decide the case upon the evidence before us, we would not hesitate to find against defendant. But we are charged with no such duty. We cannot interfere with a verdict unless it be so unsupported by the testimony that a presumption arises of passion or prejudice on the party of the jury. We think there is no such want of proof in this case. It may sometime happen that the testimony of one witness will outweigh that of three. In cases of conflict of this character the appearance of the witnesses and their manner of testifying has much to do with their credibility. An honest appearing witness testifying in a straightforward manner would gain credit against a number who give cause in manner and action for suspecting their truthfulness. The jury have the advantages of such tests, we do not. If they existed in this case, and we must presume they did, the jury may have been justified even in regarding the preponderance of the testimony in favor of defendants. We are not authorized to set aside the verdict as unsupported by the testimony.

The defendants insist that the abstract fails to show the testimony is all before us, because it is not properly certified by bill of exceptions. We think, however, that an agreement of the parties in regard to the evidence supplies this defect. The question, however, is of no importance in view of the fact that the judgment must be affirmed, if we consider the testimony fully before us.

AFFIRMED.